82.500-01

David D. Reece, / Plaintiff
TDCJ # 1661947
Cause # 10F0086-202-A
Powledge Unit
1400 FM 3452
Palestine, TX 75803.

To: Clerk, Court Of Criminal Appeals
Supreme Court Building
201 W. 14th Street, Room 106.
Austin, TX 78701.

IN RE: Board Of Pardons and Paroles Violation
Rules on Mistreatment of Offenders.
Complaint, and Inquiry about Board Policies
and Procedures. Being Denied Due Process, and
Failed to recieve the Proper Procedure for Parole.

David D. Reece
V.
Board Of Pardons and Paroles

State Of Texas
County of Anderson.

RECEIVED IN
COURT OF CRIMINAL APPEALS
SEP 28 2015
Abel Acosta, Clerk

This document contains some
pages that are of poor quality
at the time of imaging.

<u>Attn: Clerk of Court.</u>

Comes now plaintiff Mr. David D. Reece, in the above Styled and addressed form would like to address an issue to the Court.

Plaintiff states that he was recently Denied Parole for a fifth time, by the Texas Board Of Pardons and Paroles Palestine Three-member Parole Panel, of the Region (2). Plaintiff asserts that he was Denied each time for the Exact Same Reasons using these Components, <u>(1D), and (2D)</u>. The Parole Board has employed and violated their Guidelines by using <u>"Static"</u> information against the plaintiff repeatedly in their Denial to grant plaintiff Parole. Plaintiff states that the Parole Consideration Guideline is inherent, and described in the following; to wit: <u>§ Texas Administrative Code § 145.2</u>. (see), Static Factors.

Plaintiff asserts that during the <u>"Initial Review Hearing"</u> Process for the plaintiffs' Case, that he once not have been nor recieved an Interview Face-to-Face, with either Region (2) Voting Board Member, or Commissioner which handles plaintiffs' Parole File. Only having been Interviewed by Unit Parole Officer's, (IPO's) only. "Two Procedures that where Mandated by the Court Of Appeals, is a requirement that a Formal Hearing be held for every inmate eligible for Parole,

and the requirement that every Adverse Parole Decision include a Statement of the evidence relied upon by the Board." "The requirement of a Hearing as prescribed by the Court of Appeals in all Cases would provide at best Negligible Decrease in the risk of Error." "When the Board Defers Parole after the "Initial Review Hearing", it does so because Examination of the inmates file and the "Personal Interview" Satisfies it that the inmate is not yet ready for Conditional Release. The Parole Determination therefore must include Consideration of what the entire record Shows up to the time of the Offense in the particular Case." "The behavior record of an inmate during Confinement is Critical in the Sense that it reflects the Degree to which the inmate is prepared to adjust to Parole Release". "At the Boards Initial Hearing, the inmate is permitted to appear before the Board and present letters and Statements on his own behalf. He is thereby provided with an Effective Opportunity first to insure that the records relating to his Case; and Second, to Present any Special Considerations Demonstrating why he is an Appropriate Candidate for Parole". Since the decision is one that must be made largely on the Basis of the inmates files, this Procedure Adequately Safeguards against Serious Risk Of Error, and thus Satisfies "Due Process". Richardson v. Perales, 402 U.S. 389, 408, 91 S.Ct. 1420, 1430, 28 L.Ed. 2d 842 (1971).

Plaintiff asserts that he first became Eligible for Parole Release, in the year of 2011. In 2011 during the Initial Review Process for the plaintiff's Case, plaintiff States that he not once recieved a "Personal Interview" with either Voting Region (2) Board Member, or Commissioner. And was Denied Parole untill the year 2012, using these Components, (1D), and (2D). Plaintiff also asserts that in the year of 2012, he was again Denied Parole Release untill the year 2013, again in 2014, and again here recently in 2015. Each time during the "Initial Review Process" for the plaintiffs' Case, he again asserts that he was not given an Interview Face-to-Face with either Board Of Pardons and Paroles Palestine, Three-member Voting Parole Panel of the Region (2) Board Member, or Commissioner which handles plaintiffs Parole File. "Plaintiff Contends that he has been indeed Denied Procedural Due Process, and has not been afforded an Opportunity to be heard by Hearing prior of Voting Decision, during his entire time of Confinement."

"Also Mandated by the Court Of Appeals, there must be "Repeated Adversary Hearings", in order to "Continue the Confinement of an (Inmate) or (Offender)." "The Due Process Clause applies when Government action Deprives a person of Liberty or Property, accordingly when there is a Claimed Denial of Due Process,

there must be an Inquiry into the Nature of the Individuals Claimed Interest." Required under Standards Set out in _Matthews V. Eldridge, Supra 424 U.S., at 335, 96 S. Ct., at 903 and Morrissey V. Brewer, Supra 408 U.S., at 481, 92 S. Ct., at 2600._

Plaintiff states that the Voting Parole Panel has also Committed an "Error Of Law", that is in Violation of : § _Texas Government Code § 508.144,_ also under Senate Bill (909). Which clearly States that the Board Shall : "Ensure that the Guidelines require Consideration of an inmates progress in any programs in which the inmate participated during the inmates term of Confinement; and implement the Guidelines." Plaintiff States that he has participated in Several Classes, Programs, and Vocational Trades during his Confinement.

The Parole Panel has indeed Violated this Statute by Deviating from the required Parole Guidelines in Voting on granting plaintiff a Favorable Parole Outcome. When Parole Panel, or Board Deviates from the Parole Guidelines in Voting on the plaintiffs Case, the Parole Board Member, or Commissioner is required by Law to foward the plaintiff a Copy of any Statements, or Comments written or _Personal Interview_ " in person to Show or explain in what respects plaintiff falls

Short of Qualifying for Conditional Parole Release. This affords the process that is Due, under these circumstances.

The Boards Voting Parole Panel, Shall meet with the plaintiff and Counsel him Concerning his progress and his prospects for Future Parole, in order to Carry-out his confinement and repeated Denials for Parole Release. A "Psycholgical Evaluation" from a Board Member, or Commissioner will help for a "Balanced Approach" in making a Parole Determination on the plaintiffs' behalf.

Plaintiff asserts that also in the past during his Confinement, he has Submitted Complaints to the Board Of Pardons and Paroles (Chair), and the Boards' Ombudsman, due to the Parole Panels Denial Reasons repeatedly, and Guideline Violations. An Ombudsmans Duty, is to Investigate and Examine issues based off Complaints. Plaintiff States that he has indeed tried to resolve his issue with the Board Of Pardons Of Paroles, and believes that his past Complaints to the Boards Ombudsman, and Boards (Chair) was indeed ignored and which Caused him to recieve a fifth Parole Denial, and belie "Retaliated against" as well.

Plaintiff would just like to ask and be informed by the Clerk of the Court Of Criminal Appeals for

What Direction and Location to go, in order to recieve a Judgement, or Relief being Seeked by the Plaintiff? Contending being Denied Due Process, and Failed to recieve the Proper Procedure for Parole.

Plaintiff would like to be Informed Should he address this issue of being violated of his U.S. Constitutional Rights, under the 14th Amendment, to a Lower Federal Court, the Supreme Court, or to the Fifth Circuit Court of Appeals? Being that the plaintiff has in the past tried to Resolve and Exhaust his issue with the Board and Panel. Any Consideration of the requested information from the Clerk and Court, given in this matter will be Sincerely Appreciated.

Respectfully Submitted,

David D. Reece
Signature of the Plaintiff.

David D. Reece

V.

Board Of Pardons and Paroles

State Of Texas
County of Anderson.

Unsworn Declaration

I David D. Reece ___, am being presently incarcerated in Palestine, Texas at the Powledge Unit Declare Under Penalty of Perjury that according to my belief, the Facts Stated in the above Complaint and Inquiry on behalf of the Parole Boards Policies and Procedures, are True and Correct.

Signed on this ___22nd___ day of ___September___ 2015.

David D. Reece

Signature